```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

SABIR ABDUL-HAQQ YASIR,

       Plaintiff,

v.                                Case No:   2:20-cv-249-JES-MRM

DONALD SAWYER, Dr., in his
individual capacity,

       Defendant.

_____

## OPINION AND ORDER

Before the Court is Defendant Donald Sawyer's Motion for Summary Judgment (Doc. #31).

### I.   Background

Plaintiff Sabir Abdul-Haqq Yasir is detained at the Florida Civil Commitment Center (FCCC), having been deemed a sexually violent predator by a Florida court.  Defendant Donald Sawyer is the Facility Administrator of the FCCC.  Yasir sues Sawyer under 42 U.S.C. § 1983, alleging FCCC's prohibition on mail between current and former FCCC residents violates his First Amendment rights.  In his Second Amended Complaint, Yasir alleges he attempted to mail a former resident a letter on December 9, 2019, but FCCC staff refused because current residents are not allowed to mail anything to former residents.  (Doc. #23).  Yasir does not allege any instances of FCCC staff blocking his incoming mail.

Sawyer testified by affidavit that "former Residents have attempted on multiple occasions to send cash, inappropriate photographs including nude photographs of themselves, SD cards and narcotics to current Residents." (Doc. #31-4 at 3). In fact, most of the contraband seized during FCCC's routine mail screening was found in mail from former residents. In Sawyer's judgment, these items pose a security threat to FCCC staff and residents and can affect residents' therapy. The prohibition on mail between current and former residents is meant "to protect public safety and ensure safe operations at FCCC." (Id.) Sawyer finds the prohibition "effective at curtailing the introduction of contraband at FCCC." (Id.)

Two other FCCC officials also provided affidavits. Security Director Jon Carner testified that in his experience most contraband found in incoming mail came from former residents. Carner also stated that current residents have attempted to mail inappropriate photographs and other contraband to former residents. Like Sawyer, Carner believes the prohibition is necessary to curtail the introduction of contraband that can compromise security at FCCC. (Doc. #31-3). Clinical Director Emily Salema testified, "Clinicians use clinical discretion toward encouraging Residents to establish a support network comprised of positive social supports, which typically does not involve former

Residents." (Doc. #31-5 at 3). But residents may contact former residents by telephone if they so choose.

Yasir challenges Sawyer's and Carner's assertion that most contraband found in incoming mail came from former residents. He submitted incident reports—ranging from May 2019 through March 2021—relating to violations of FCCC mail rules, none of which involved contraband sent by former residents. (Docs. #41-3 - #41-13). He also testifies that communicating by telephone is inadequate because he wants to send a former resident a Power of Attorney so the former resident can help Yasir rent an apartment and set up a bank account in preparation for his release from FCCC. (Doc. #21-1).

## II. Legal Standard

Summary judgment is appropriate only when the Court is satisfied "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden falls on the movant, who must identify the portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To defeat summary judgment, the non-movant must "go beyond the

pleadings, and present affirmative evidence to show that a genuine issue of material facts exists." Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006).

In reviewing a motion for summary judgment, the Court views the evidence and all reasonable inferences drawn from it in the light most favorable to the non-movant. See Battle v. Bd. of Regents, 468 F.3d 755, 759 (11th Cir. 2006).

**III. Analysis**

To maintain a claim under 42 U.S.C. § 1983, Yasir must prove: "(1) a violation of a constitutional right; and (2) that the alleged violation was committed by a person acting under the color of state law." Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016). Yasir alleges a violation of his First Amendment rights, which includes his right to correspond with others. See Perry v. Sec'y, Fla. Dep't of Corr., 664 F.3d 1359, 1363 (11th Cir. 2011). Sawyer does not dispute the second element of a § 1983.

Sawyer urges the Court to apply the test articulated in Turner v. Safley, 482 U.S. 78 (1987), as modified for civil detainees by Pesci v. Budz, 730 F.3d 1291 (11th Cir. 2013). That test applies to regulations on incoming mail, but courts apply a different test to regulations on outgoing mail. In Procunier v. Martinez, 416 U.S. 396 (1974), the Supreme Court held that such a regulation must "be 'generally necessary' to a legitimate governmental interest." Thornburgh v. Abbott, 490 U.S. 401, 411 (1989). The

Martinez Court observed that unlike incoming mail, "outgoing personal correspondence from prisoners did not, by its very nature, pose a serious threat to prison order and security." Id.  The same reasoning applies to mail sent by residents of the FCCC.

Sawyer has produced ample evidence of a legitimate interest in prohibiting incoming mail from former residents.  Such mail was a source of contraband that could create security problems and affect residents' therapy.  But Sawyer identifies no governmental interest in blocking outgoing mail to former residents.  He thus fails to demonstrate that the complete ban on current residents sending mail to former residents is justified under Martinez.

Accordingly, it is hereby

**ORDERED:**

Defendant Donald Sawyer's Motion for Summary Judgment (Doc. #31) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __4th__ day of August 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
Unrepresented parties
Counsel of Record